UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PLUMBERS & STEAMFITTERS LOCAL 400
AND MCA OF NORTH CENTRAL WISCONSIN
HEALTH AND WELFARE FUND and FOX
VALLEY SHEET METAL HEALTH FUND,

                      Plaintiffs,

          Case No. _____

      v.

B & P MECHANICAL INC.,

                      Defendant.

## COMPLAINT

In support of their claims against Defendant B & P Mechanical Inc. ("B&P"), Plaintiffs—the Plumbers & Steamfitters Local 400 and MCA of North Central Wisconsin Health and Welfare Fund (the "Plumbers Fund") and the Fox Valley Sheet Metal Health Fund (the "Sheet Metal Workers Fund") (together, the "Funds")—allege the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that this is an action by ERISA benefits plan fiduciaries to redress Defendant's violations of the terms of the Funds' trust agreements and ERISA Section 515 (29 U.S.C. § 1145).

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)), because the Funds are administered in this district.

### THE PARTIES

3. The Funds are each ERISA benefit plans/funds and bring this action on behalf of the Trustees, participants and beneficiaries of the Funds.

4. The Plumbers Fund maintains its office at 11270 W Park Place, Suite 950, Milwaukee, Wisconsin, 53224.

5. The Sheet Metal Workers Fund maintains its office at 2201 Springdale Road, Waukesha, Wisconsin, 53186.

6. Upon information and belief, B&P is a Wisconsin corporation with a principal place of business at 3200 W Highview Drive, Appleton, Wisconsin, 54914.

7. B&P is a participating employer in the Funds.

## FACTUAL BACKGROUND

8. B&P is a party to a collective bargaining agreement between Local Union No. 400 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada and the Mechanical Contractors Association of North Central Wisconsin (the "Local 400 CBA"). A true and correct copy of the Local 400 CBA in effect during the timeframe at issue in this case is attached as **Exhibit A**.

9. As a party to the Local 400 CBA, B&P agreed to participate in the Plumbers Fund by making appropriate contributions for covered work performed by its employees.

10. As a party to the Local 400 CBA, B&P also adopted and assented to all the terms and provisions of the Plumbers Fund's trust agreements, including all rules and regulations adopted by the Plumbers Fund's Trustees, to make contributions as required by the Local 400 CBA, and to report to the Plumbers Fund all hours of covered work by each of its employees.

11. The Plumbers Fund has adopted a Delinquency Collection Procedure (the "Procedure") that empowers the Plumbers Fund under the circumstances of this case to collect, in addition to delinquent contributions, interest, liquidated damages, and costs of

2

collection, including reasonable attorneys' fees. A true and correct copy of the Procedure is attached hereto as **Exhibit B**.

12. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

13. B&P has violated the Plumbers Fund's trust agreements and ERISA Section 515. Specifically, B&P has not paid the full amounts of contributions to the Plumbers Fund owed for the period of September 1, 2025 through September 30, 2025. B&P failed to pay $55,566.56 in contributions for the work month of September 2025. Interest and liquidated damages also continue to accrue on the amount of outstanding contributions per the Procedure and ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)).

14. B&P is also a party to a CBA between Fox Valley Sheet Metal Contractors Association, Inc. and Local Union No. 18-SM of the International Association of Sheet Metal, Air, Rail and Transportation Workers (SMART) (the "Local 18 CBA"). A true and correct copy of the Local 18 CBA in effect during the timeframe at issue in this case is attached as **Exhibit C**.

15. As a party to the Local 18 CBA, B&P agreed to participate in the Sheet Metal Workers Fund by making appropriate contributions for covered work performed by its employees.

16. As a party to the Local 18 CBA, B&P also adopted and assented to all the terms and provisions of the Sheet Metal Workers Fund's trust agreements, including all rules and regulations adopted by the Sheet Metal Workers Fund's Trustees, to make

contributions as required by the Local 18 CBA, and to report to the Sheet Metal Workers Fund all hours of covered work by each of its employees.

17. The Sheet Metal Workers Fund has adopted a Delinquency Collection Procedure (the "Procedure") that empowers the Sheet Metal Workers Fund under the circumstances of this case to collect, in addition to delinquent contributions, interest, liquidated damages, and costs of collection, including reasonable attorneys' fees. A true and correct copy of the Procedure is attached hereto as **Exhibit D**.

18. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

19. B&P has violated the Sheet Metal Workers Fund's trust agreements and ERISA Section 515. Specifically, B&P has not paid the full amounts of contributions to the Fund owed for the period of October 1, 2025 through October 31, 2025. B&P failed to pay $79,515.52 in contributions for the work month of October 2025. Moreover, B&P did not timely submit remittance reports or contributions for the work month of November 2025 in accordance with the Procedure, leading the Fund to believe that additional contributions may be owed. Interest and liquidated damages also continue to accrue on the amount of outstanding contributions per the Procedure and ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)).

**COUNT I:**
**VIOLATION OF ERISA SECTION 515**

20. The Funds incorporate by reference the preceding allegations.

21. B&P agreed to make contributions to the Funds as required under the terms of the Funds' trust agreements.

22. B&P has not made contributions as required.

23. The Funds have notified B&P of its delinquency and demanded that B&P submit appropriate contributions.

24. B&P has ignored the Funds' efforts to obtain the contributions owed.

25. As a result, B&P is liable to the Funds for violation of ERISA Section 515 (29 U.S.C. § 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) as well as appropriate equitable relief, including, if necessary, a compelled audit to determine the sufficiency of B&P's contributions.

## COUNT II:
## BREACH OF TRUST AGREEMENTS

26. The Funds incorporate by reference the preceding allegations.

27. B&P agreed to make contributions to the Funds as required under the terms of the Funds' trust agreements.

28. B&P has not made contributions as required.

29. The Funds have notified B&P of its delinquency.

30. B&P has ignored the Funds' efforts to obtain the contributions owed.

31. Pursuant to the Procedures adopted by the Funds' trustees according to their powers under the trust agreements, the Funds may recover from B&P:

    (a)    The amount of the unpaid contributions;

    (b)    Liquidated damages as described in the Procedures; and

    (c)    Interest on the unpaid contributions as described in the Procedures; and

    (d)    All costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

32. B&P also agreed to allow the Funds to audit its payroll records.

33. The Funds are entitled to specific performance in the form of a Court-ordered audit and to damages for any fees incurred in conducting such audit.

WHEREFORE, the Funds demand the following relief:

A. An Order for a Money Judgment in favor of the Funds and Against Defendant in the amount of:

   i. All unpaid contributions, including those which become due during the pendency of this lawsuit;

   ii. All interest and liquidated damages owed on those contributions;

   iii. Any payroll audit costs; and

   iv. The reasonable attorneys' fees and actual costs the Funds incur to collect Defendant's delinquent contributions;

B. An Order that B&P comply with a payroll audit for the period of September 1, 2025 to present;

C. That the Court retain jurisdiction pending compliance with its orders; and

D. For such other, further or different relief as the Court deems just and proper.

Dated this 30th day of January, 2026.

                                          <u>s/ Mary Margaret Evans</u>
                                          Daniel G. Murphy
                                          WI State Bar ID No. 1097740
                                          dmurphy@reinhartlaw.com
                                          Mary Margaret Evans
                                          WI State Bar ID No. 1130108
                                          mevans@reinhartlaw.com

                                          Reinhart Boerner Van Deuren s.c.
                                          1000 North Water Street, Suite 1700
                                          Milwaukee, WI 53202
                                          Telephone: 414-298-1000
                                          Facsimile: 414-298-8097

                                          *Attorneys for Plaintiffs*