# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PLUMBERS & STEAMFITTERS LOCAL 400
AND MCA OF NORTH CENTRAL WISCONSIN
HEALTH AND WELFARE FUND and FOX
VALLEY SHEET METAL HEALTH FUND,
      Plaintiffs,

      v.                                     Case No. 26-cv-167

B&P MECHANICAL INC.,
      Defendant.

_____

## DECISION AND ORDER

Plaintiffs the Plumbers & Steamfitters Local 400 and MCA of North Central Wisconsin Health and Welfare Fund (the "Plumbers Fund") and the Fox Valley Sheet Metal Health Fund (the "Sheet Metal Workers Fund") commenced this action against B&P Mechanical Inc. ("B&P"). Plaintiffs allege that B&P was party to trust agreements with plaintiffs and breached those agreements by failing to make contributions on behalf of its employees. Plaintiffs further allege that B&P's failure to make contributions also violates Section 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1145.

B&P was served with the complaint and summons on March 2, 2026. ECF No. 4. The Clerk of Court entered default under Rule 55(a) on March 26, 2026. Plaintiffs now move for default judgment under Rule 55(b). B&P has not appeared or responded to the motion. For the reasons that follow, plaintiffs' motion is granted and default judgment shall be entered.

# I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the complaint raises a question of federal law. I have supplemental jurisdiction over the remaining state law claim pursuant to 28 U.S.C. § 1367(a) and 29 U.S.C. § 185(a) (jurisdiction over suits by and against labor organizations).

# II. BACKGROUND

By failing to answer the complaint, defendants are deemed to have admitted all allegations in the complaint except those regarding damages. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020). Therefore, I accept the following allegations as true.

B&P Mechanical, Inc., is based in Appleton, Wisconsin, and offers HVAC, piping, and sheet metal supply, fabrication, and installation services. B&P employs union tradesmen and is party to collective bargaining agreements ("CBAs") with Plumbers & Steamfitters Local 400 and Sheet Metal, Air, Rail and Transportation Workers Local 18. (Compl. ¶¶ 8, 14.) Under those agreements, B&P must contribute to the plaintiff benefits funds in proportion to the number of hours worked by its covered employees. (*Id.* ¶¶ 9, 15.)

B&P failed to pay $55,566.56 in contributions to the Plumbers Fund for the month of September 2025. (*Id.* ¶ 13.) B&P also failed to pay $79,515.52 in contributions to the Sheet Metal Workers Fund for the month of October 2025. (*Id.* ¶ 19.) B&P did not submit timely remittance reports or contributions to the Sheet Metal Workers Fund for the month of November 2025, suggesting that additional contributions are owed and unpaid. (*Id.*)

2

## III. DISCUSSION

Although B&P has admitted liability by failing to respond, plaintiffs must still prove damages and show that the relief requested is appropriate. *See Domanus v. Lewicki*, 743 F.3d 290, 303 (7th Cir. 2014); Fed. R. Civ. P. 55(b)(2). I must determine the amount of damages "with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (2004).

Plaintiffs claim that the Plumbers Fund is owed $55,566.56 for unpaid contributions from September 2025, and the Sheet Metal Workers Fund is owed $79,515.52 in unpaid contributions from October 2025. (Neidert Decl. ¶¶ 10, 12.)

Plaintiffs also seek compensation for attorneys fees and costs of this action. *See* 29 U.S.C. § 1132(g)(2)(D). Attorney Daniel Murphy attests that plaintiffs' counsel Reinhart Boerner Van Deuren, S.C., spent 35.80 hours representing the Plumbers Fund and 41 hours representing the Sheet Metal Workers Fund in this matter. (Murphy Decl. ¶¶ 4, 7.) Accordingly, plaintiffs seek $14,889.00 in fees and $922.00 in costs for the Plumbers Fund, and $17,071.00 in fees for the Sheet Metal Workers Fund. (*Id.*) I have reviewed counsel's charges and find them to be reasonable. (Murphy Decl. Ex. A, B.)

I find that plaintiffs' requested damages are supported by the record and reasonable. Therefore, I will award default judgment of $71,377.56 to the Plumbers Fund and $96,586.52 to the Sheet Metal Workers Fund.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiffs' Motion for Default Judgment (ECF No. 8) is **GRANTED**. The Clerk of Court shall enter judgment for the Plumbers Fund in the amount of **$71,377.56**, consisting of $55,566.56 in unpaid contributions, $14,889.00 in attorneys fees, and $922.00 in costs. The Clerk of Court shall

also enter judgment for the Sheet Metal Workers Fund in the amount of **$96,586.52**, consisting of $79,515.52 in unpaid contributions and $17,071.00 in attorneys fees.

**IT IS FURTHER ORDERED** that B&P Mechanical, Inc., must comply with a payroll audit for the period of October 1, 2025, to present within 30 days of service of this Order, the costs of which are to be borne by Defendant.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2026.


/s/Lynn Adelman
LYNN ADELMAN
United States District Judge

4